IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 15, 2025

## ERIC ORLANDO CARTER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Davidson County**
**No. 2016-B-826     Khadija Lanice Babb, Judge**

_____

**No. M2024-01402-CCA-R3-PC**

_____

The petitioner, Eric Orlando Carter, appeals from the Circuit Court of Davidson County's dismissal of his petition for post-conviction relief. Following review, we dismiss the appeal as untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J. and CAMILLE R. MCMULLEN, PJ., joined.

Taylor D. Payne, Murfreesboro, Tennessee, for the appellant, Eric Orlando Carter.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

On October 7, 2016, the petitioner was found guilty of first-degree premeditated murder and attempted first-degree murder. After a sentencing hearing, petitioner received a "total effective sentence of life imprisonment." *State v. Carter*, No. M.2017-01466-CCA-R3-CD, 2018 WL 4026757, at *9 (Tenn. Crim. App. Aug. 22, 2018), *perm. app. denied* (Tenn. Oct. 10, 2018). The petitioner appealed his convictions, and on August 22, 2018, this Court affirmed those convictions. *See id.* The Tennessee Supreme Court denied permission to appeal on October 10, 2018.

On September 26, 2022, the petitioner filed the instant Petition for Post-Conviction Relief, alleging ineffective assistance of counsel, despite almost four years lapsing since his convictions had become final. In his petition, the petitioner stated his claim should not be barred by the statute of limitations because he was led to believe that he had been granted parole for his 15-year sentence for attempted first-degree murder and that his release was imminent. Petitioner claimed, "[t]he week before my release, I was told that I had a new charge, and that I was not being released." The petitioner contended that once he was aware he did not have a release date, he began to diligently pursue his rights. In response, the State filed a motion to dismiss the post-conviction petition, arguing that it was time-barred.

At the hearing on the State's motion to dismiss, post-conviction counsel argued the petitioner was entitled to due process tolling of the statute of limitations. Counsel explained that the judgment form for the petitioner's conviction for first-degree murder for which he received a life sentence was not "sent to" the Tennessee Department of Corrections. This oversight, through no fault of the petitioner, led the petitioner to be granted parole for his conviction for attempted first-degree murder and be granted a release date. Post-conviction counsel argued that once the life sentence was "activated," the petitioner began to diligently pursue his right for post-conviction review. The State argued the petitioner was placed on notice at his sentencing hearing when the trial court sentenced him to a life sentence. Additionally, the petitioner had notice of his life sentence as his case proceeded through the appellate process on direct appeal.

On August 14, 2024, the post-conviction court granted the State's motion to dismiss. In its order, the court stated that it did "not find any grounds, alleged or otherwise, that would preclude the application of the statute of limitations in this case. It is uncontested that the petitioner filed the instant petition well after the statute of limitation period expired." On September 14, 2024, the petitioner filed the instant notice of appeal.

### *Analysis*

The petitioner contends that the post-conviction court erred in finding he was not entitled to due process tolling of the statute of limitations under the Post-Conviction Procedure Act. He claims that he is entitled to a tolling of the one-year limitations period because once he was aware of his life sentence, he began to diligently pursue his rights. The State notes the untimely filing of the petitioner's notice of appeal and refutes the petitioner's argument contending that the post-conviction court did not err in determining that the petitioner was not entitled to due process tolling. After a review of the record, we agree with the State and conclude the petitioner's appeal is untimely and, therefore, is dismissed.

Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. Tenn. R. App. P.4(a). In criminal proceedings, however, the notice is not jurisdictional. *Id.* Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. *Id.* "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). "To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty-day requirement a legal fiction and circumvents the Rule." *Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996). It is the burden of the petitioner to establish that a waiver of the notice of appeal is appropriate. Tenn. R. App. P. 4(b).

Here, the post-conviction court's order reflecting the dismissal of the petitioner's request for post-conviction relief was filed on August 14, 2024. The petitioner's Notice of Appeal was electronically filed on September 14, 2024, the thirty-first day following the entry of dismissal.[1] Therefore, the notice of appeal was untimely.

While this Court retains the authority to waive the timeliness requirement of the appeal, the petitioner neither provided a reason for the untimeliness of his notice of appeal, nor did he request a waiver of the rule prior to the filing of his notice. As noted above, waiver should only occur when "the interests of justice" requires such. *Rockwell*, 280 S.W.3d at 214. Despite the State noting the untimeliness of the petitioner's notice of appeal in its brief, the petitioner has failed to file a motion or a reply brief requesting this Court waive the timeliness requirement and/or explaining his untimely notice. Additionally, as discussed *infra*, the "interests of justice" do not mandate the waiver of the requirement. Accordingly, the instant appeal is dismissed.

Moreover, even had this Court deemed the waiver of the timeliness requirement to be in the interest of justice, the petitioner's appeal would be denied. The Post-Conviction Procedure Act provides relief "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-102(a). A post-conviction petitioner has one year from "the date of the final action of the highest state appellate court to which an appeal is taken" in which to file a petition for post-conviction relief. *Id.* "Time is of the essence of the right to file a petition for post-conviction relief." *Id.* An untimely filing of a post-conviction petition extinguishes a petitioner's post-conviction claims. *Id.*

---

[1] Rule 21(a) provides that "the date of the act, event, or default after which the designated period of time begins to run shall not be included." August 14, 2024, the date of the dismissal, is not included, therefore leaving 17 days in the month of August which are deductible against the 30-day time period required in time Rule 21(a). The residual 13 days of the 30-day period are the days of September 1 - 13, inclusive. The notice of appeal had to be filed on or before September 13, 2024.

Here, it is uncontroverted that the petitioner's request for relief was not filed within the one-year limitations period. The petitioner had one year from October 10, 2018, the date the Tennessee Supreme Court denied his application for permission to appeal, to file his request for post-conviction relief. Rather, the petitioner did not file the instant petition until September 26, 2022, almost four years after the expiration of the statute of limitations. While acknowledging that he was aware his petition was untimely at the time of filing, the petitioner claims the statute should be tolled because he believed his release on parole was imminent. Petitioner claims that once he became aware of his life sentence, he diligently pursued his rights to post-conviction relief.

While the Act provides for a limited, delineated set of statutory exemptions, none of which are argued or are applicable here, there are instances where due process concerns may still require the one-year statute of limitations to be tolled. *See Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). "[A] post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013)). "In every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances *beyond a petitioner's control* prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations." *Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011) (emphasis in original).

The Tennessee Supreme Court has enumerated three situations in which due process tolls the statute of limitations and allows for the consideration of an untimely post-conviction petition. To qualify, a petitioner's circumstances must involve (1) claims for relief that arise after the statute of limitations has expired, (2) mental incompetence preventing a petitioner from complying with statutory deadlines, or (3) attorney misconduct. *See Williams*, 44 S.W.3d at 470-71; *Seals v. State*, 23 S.W.3d 272, 277-80 (Tenn. 2000). Thus, in order to succeed, a petitioner must provide sufficient facts which prove one of these limited circumstances affected the filing of his post-conviction petition. *Williams v. State*, No. W2011-00202-CCA-R3-PC, 2011 WL 2410364, at *1-2 (Tenn. Crim. App. June 9, 2011), *perm. app. denied*, (Tenn. Oct. 18, 2011). Absent sufficient facts establishing a petitioner is entitled to due process tolling, an untimely petition must be dismissed. *Id.*

The standard of review for due process tolling is a mixed question of fact and law, and, therefore, subject to *de novo* review. *See Whitehead*, 402 S.W.3d at 621. Despite reviewing the post-conviction court's decision *de novo*, we are bound by the post-conviction court's factual findings unless the evidence preponderates to the contrary. *Id.*

- 4 -

In the case at bar, the post-conviction court recognized that it was "uncontested that the petitioner filed the instant petition well after the statute of limitations period expired." The petitioner failed to allege any facts to demonstrate how circumstances "beyond his control" led to his failure to file his petition within the statute of limitations under Tenn. Code Ann. § 40-30-102(a), as he was undeniably put on notice of his life sentence when it was originally bestowed. Accordingly, this petition for post-conviction relief is without merit.

### *Conclusion*

Based on the foregoing authorities and reasoning, we conclude the interests of justice do not mandate waiver of the timeliness requirement, and, therefore, dismiss the appeal.

s/ J. ROSS DYER
J. ROSS DYER, JUDGE